UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- X

SHAWN PELLEY,

         Plaintiff,

    - against -

THE CITY OF NEW YORK, ET AL.,

        Defendants.

----------------------------------------------------------------------- X

**ANSWER TO COMPLAINT BY DEFENDANT COMMISSIONER LOUIS MOLINA**

24-CV-6708 (PKC)(VMS)

**Jury Trial Demanded**

     Defendant New York City Department of Correction Commissioner Louis Molina, by his attorney Muriel Goode-Trufant, Corporation Counsel of the City of New York, for his answer to plaintiff's Complaint, filed September 26, 2024, respectfully alleges, upon information and belief, as follows:

     1. Denies the allegations set forth in paragraph "1" of the Complaint, except admits that plaintiff purports to proceed as stated therein.

     2. Denies the allegations set forth in paragraph "2" of the Complaint, except admits that plaintiff purports to proceed as stated therein.

     3. Denies the allegations set forth in paragraph "3" of the Complaint, except admits that plaintiff purports to base venue as stated therein.

     4. Denies the allegations set forth in paragraph "4" of the Complaint, except admits that Shawn Pelly was a pretrial detainee at EMTC on Rikers Island between July 4, 2023 through July 10, 2023.

5. Denies the allegations set forth in paragraph "5" of the Complaint, except admits that the City of New York is a municipal corporation organized under the laws of the State of New York.

6. Denies the allegations set forth in paragraph "6" of the Complaint and respectfully refer the Court to the New York City Charter §§ 621 et seq., for a recitation of the relationship between defendant City and the New York City Department of Correction.

7. Denies the allegations set forth in paragraph "7" of the Complaint, except admits Louis Molina was Commissioner of the Department of Correction between July 4, 2023 through July 10, 2023.

8. Denies the allegations set forth in paragraph "8" of the Complaint, except to the extent they are conclusions of law and admit that plaintiff purports to proceed as stated therein.

9. Denies the allegations set forth in paragraph "9" of the Complaint, except to the extent they are conclusions of law and admit that plaintiff purports to proceed as stated therein.

10. Denies the allegations set forth in paragraph "10" of the Complaint, except to the extent they are conclusions of law and admit that plaintiff purports to proceed as stated therein.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint, as they pertain to unidentified correction captains, except to the extent they are conclusions of law and admit that plaintiff purports to proceed as stated therein.

12. Denies the allegations set forth in paragraph "12" of the Complaint.

13. Admits the allegations set forth in paragraph "13" of the Complaint.

14. Denies the allegations set forth in paragraph "14" of the Complaint.

15.    Denies the allegations set forth in paragraph "15" of the Complaint.

16.    Denies the allegations set forth in paragraph "16" of the Complaint.

17.    Denies the allegations set forth in paragraph "17" of the Complaint.

18.    Denies the allegations set forth in paragraph "18" of the Complaint.

19.    Denies the allegations set forth in paragraph "19" of the Complaint.

20.    Denies the allegations set forth in paragraph "20" of the Complaint.

21.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint.

22.    Denies the allegations set forth in paragraph "22" of the Complaint, except admits that plaintiff spoke to a correction captain on or about July 10, 2023.

23.    Denies the allegations set forth in paragraph "23" of the Complaint, except admit that plaintiff was escorted to medical.

24.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint.

25.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

27.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint.

28.    Denies the allegations set forth in paragraph "28" of the Complaint.

29.    Denies the allegations set forth in paragraph "29" of the Complaint.

30.     In response to the allegations set forth in paragraph "30" of the Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

31.     Denies the allegations set forth in paragraph "31" of the Complaint.

32.     Denies the allegations set forth in paragraph "32" of the Complaint.

33.     Denies the allegations set forth in paragraph "33" of the Complaint.

34.     Denies the allegations set forth in paragraph "34" of the Complaint.

35.     Denies the allegations set forth in paragraph "35" of the Complaint.

36.     In response to the allegations set forth in paragraph "36" of the Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

37.     Denies the allegations set forth in paragraph "37" of the Complaint.

38.     Denies the allegations set forth in paragraph "38" of the Complaint.

39.     Denies the allegations set forth in paragraph "39" of the Complaint.

40.     Admit the allegations set forth in paragraph "40" of the Complaint.

41.     Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "41" of the Complaint.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "42" of the Complaint.

43.     Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "43" of the Complaint.

44.     Denies the allegations set forth in paragraph "44" of the Complaint.

## AND AS FOR A FIRST AFFIRMATIVE DEFENSE:

45.    The Complaint fails to state a claim upon which relief can be granted.

## AND AS FOR A SECOND AFFIRMATIVE DEFENSE:

46.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of non-parties or third parties and was not the proximate result of any act of defendant.

## AND AS FOR A THIRD AFFIRMATIVE DEFENSE:

47.    Defendant did not violate any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AND AS FOR A FOURTH AFFIRMATIVE DEFENSE:

48.    Defendant Molina has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

## AND AS FOR A FIFTH AFFIRMATIVE DEFENSE:

49.    Punitive damages cannot be assessed against defendant City of New York

## AND AS FOR A SIXTH AFFIRMATIVE DEFENSE:

50.    Plaintiff has failed to mitigate his damages.

**WHEREFORE,** defendant Molina requests judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: December 10, 2025
      New York, New York

                                     MURIEL GOODE-TRUFANT
                                     Corporation Counsel of the City of New York
                                     *Attorney for Defendants*
                                     100 Church Street, Room 3-183
                                     New York, NY 10007
                                     T: (212) 356-2670
                                     E: jmclaugh@law.nyc.gov

                    By:        /s/ *John McLaughlin*
                                    John McLaughlin
                                    *Assistant Corporation Counsel*

TO:    **VIA ECF**
        *All Counsel of Record*

6