

**THE CITY OF NEW YORK**

**STEVEN BANKS**
*Corporation Counsel*

# LAW DEPARTMENT
100 Church Street
NEW YORK, NY 10007

**JOHN MCLAUGHLIN**
Phone: (212) 356-2670
Fax: (212) 356-3509
jmclaugh@law.nyc.gov
*Assistant Corporation Counsel*

March 27, 2026

**BY ECF**
Honorable Vera M. Scanlon
Chief United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:  Shawn Pelley v. The City of New York, et al.,
> 24-cv-6708 (PKC)(VMS)

Your Honor:

I am an Assistant Corporation Counsel in the office of Steven Banks, Corporation Counsel of the City of New York, and the attorney representing defendants the City of New York, Commissioner Louis A. Molina, Captain Weitzel, Captain Singh, and Captain Conyers in the above-referenced matter. Defendants respectfully submit this letter in response to Plaintiff's letter motion at ECF No. 34, requesting a conference and extension of all deadlines. Defendants join in Plaintiff's request for an extension of time to complete discovery.

Defendants acknowledge that discovery in this matter has been delayed, due in part to transitions in assigned defense counsel. Defendants regret the delay and any resulting inconvenience to the Court, and are committed to moving this matter forward expeditiously. Current counsel entered notices of appearance on December 8, 2025 (ECF No. 30) and January 5, 2026 (ECF No. 33), and have since been working to familiarize themselves with the case and advance discovery. That said, certain of Plaintiff's representations to the Court warrant clarification.

**Initial Disclosures.** Plaintiff's letter states that initial disclosures were "not produced correctly" and that he has received "almost nothing of value in terms of discovery." On information and belief, prior counsel for Defendants served initial disclosures on or about April 11, 2025. Plaintiff does not identify what was deficient about those disclosures.

**Discovery Responses and the Confidentiality Stipulation.** Defendants have also served their responses to Plaintiff's document requests and interrogatories. Certain documents responsive to Plaintiff's discovery requests contain personal identifying information of other incarcerated individuals and civilians who are not parties to this action. Production of these documents has been pending the parties' execution of a stipulation of confidentiality to protect this

sensitive information. Defendants have also provided the confidentiality stipulation and, upon its execution, will promptly produce the documents at issue.

**Video Production.** Plaintiff's letter asserts that the videos previously produced contained "the wrong videos." On information and belief, prior counsel produced video footage from multiple camera angles of 6 Lower in EMTC for the following dates and times: July 4, 2023, from approximately 8:00 p.m. to 10:00 p.m.; July 7, 2023, from approximately 6:00 p.m. to 10:00 p.m.; and July 9, 2023, from approximately 6:00 p.m. to 10:00 p.m. This footage was identified and reviewed by DOC investigators during the PREA investigation into Plaintiff's own allegations, following an interview with Plaintiff on July 10, 2023.

During a telephone conversation, Plaintiff's counsel expressed a general belief that the videos were not the "correct" ones, but when asked whether he believed the timestamps were incorrect or whether the events may have occurred at different times than those alleged in the Complaint, counsel could not say. At no point has Plaintiff's counsel identified—in writing or with any particularity—what he believes is deficient about the footage already produced. Nor did Plaintiff's counsel identify *which* of the videos provided was "correct." Defendants remain willing to work with Plaintiff's counsel to identify and, if available, produce any additional footage, but cannot meaningfully respond to an unspecified objection. If Plaintiff's counsel believes the footage should cover different timeframes than those identified by the investigators who reviewed Plaintiff's own account, Defendants would ask that he identify those timeframes with some particularity.

**Proposed Motion for Judgment on the Pleadings.** Defendants also respectfully advise the Court that they intend to seek a pre-motion conference in anticipation of filing a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Among other issues, the Complaint's lack of factual specificity—including the absence of any particularized allegations as to what each individual Defendant knew, did, or failed to do—has significantly hampered Defendants' ability to conduct targeted discovery. Defendants will file a pre-motion conference letter in accordance with the Honorable Pamela K. Chen's Individual Rule 3.A in the near term.

The Defendants thank the Court for its time and consideration of this matter.

Respectfully Submitted,

/s/ *John McLaughlin*

John McLaughlin
Attorney for Defendants
*Assistant Corporation Counsel*
New York City Law Department
100 Church Street
New York, NY 10007
(212) 356-2670
jmclaugh@law.nyc.gov

ii

Cc:    **<u>VIA ECF</u>**
        *All counsel of record.*