

**STEVEN BANKS**
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**GENE DIRKS**
*Senior Counsel*
Phone: (212) 356-1981
Fax: (212) 356-3509
edirksl@law.nyc.gov

**By ECF**

April 2, 2026

Honorable Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:  Shawn Pelley v. City of New York, et al.,
> 24-cv-6708 (PKC)(VMS)

Your Honor:

I am an Assistant Corporation Counsel in the New York City Law Department, and the attorney assigned to the defense of this matter on behalf of Defendants City of New York, Commissioner Louis A. Molina, Captain Weitzel, Captain Singh, and Captain Conyers. Pursuant to Your Honor's Individual Practices, Defendants respectfully request a pre-motion conference in advance of their anticipated fully dispositive motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

Plaintiff, who was formerly incarcerated at Rikers Island, initiated this action on September 24, 2024, pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff alleges that while housed at the Eric M. Taylor Center ("EMTC") in the custody of the Department of Correction ("DOC") in July 2023, he was sexually assaulted by two inmates on three separate occasions. Plaintiff further alleges that he reported these attacks to several DOC captains, including the named individual defendants, who took no action to protect him from further harm. Plaintiff asserts a deliberate indifference claim under the Fourteenth Amendment against the individual defendants, and a *Monell* municipal liability claim against the City.

**A. The Complaint Fails to State a Plausible Deliberate Indifference Claim Against Any Individual Defendant.**

Because Plaintiff was a pretrial detainee, his conditions-of-confinement claims arise under the Due Process Clause of the Fourteenth Amendment. *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). To state such a claim, Plaintiff must satisfy both an objective prong and a mental element prong, the latter requiring that each defendant "acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed . . . even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 29, 35.

While the objective seriousness of the alleged assaults is not in dispute, the Complaint is fatally deficient on the mental element prong and on the threshold requirement of personal involvement. Liability under § 1983 cannot be premised on *respondeat superior*; a plaintiff must

establish each defendant's direct, personal involvement in the constitutional violation. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2008); *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020).

Here, the Complaint's factual allegations directed at the individual defendants consist entirely of undifferentiated, collective references. The Complaint does not identify which defendant received which report of assault, what Plaintiff communicated to any individual defendant, how any defendant responded, where or when any such conversation took place, or any facts distinguishing one defendant's alleged role from another. The Complaint treats Captains Weitzel, Singh, and Conyers as interchangeable parties against whom identical, undifferentiated allegations are made. *See Johnson v. City of New York*, No. 15 Civ. 8195, 2017 U.S. Dist. LEXIS 81359, at *25–32 (S.D.N.Y. May 26, 2017) (dismissing claims where complaint failed to differentiate defendants' involvement).

### B. The Complaint Fails to State a *Monell* Claim Against Defendant City.

Under *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978), municipal liability attaches only where the plaintiff demonstrates that the constitutional violation was caused by an official policy, custom, or practice. The Complaint does not identify any specific policy or custom of the City or the DOC that caused Plaintiff's injuries. Rather, Plaintiff alleges only generalized awareness of violence at Rikers Island and references public statements by the Bronx District Attorney regarding conditions at the facility. Generalized awareness of a systemic problem, without identification of a specific causal policy, pattern of similar unaddressed violations, or deliberate policymaker choice, is insufficient to sustain a *Monell* claim. Moreover, because the Complaint fails to establish an underlying constitutional violation against any individual defendant, the *Monell* claim necessarily fails as well. *Wimmer v. Suffolk Cty. Police Dep't*, 176 F.3d 125, 137 (2d Cir. 1999).

### C. In the Alternative, Plaintiff Should Be Directed to Amend.

Should the Court decline to dismiss the Complaint outright, Defendants respectfully request that the Court direct Plaintiff to amend the Complaint to provide the factual specificity required by the Federal Rules of Civil Procedure. Plaintiff is in the best position to identify which defendants he reported to, when, and what each defendant did or failed to do in response.

The Defendants thank the Court for its time and consideration herein.

Respectfully submitted,

*Gene Dirks* /s/

Gene Dirks
*Senior Counsel*
Special Federal Litigation

Cc:     **VIA ECF**
        *All counsel of record.*

2