Fred Lichtmacher
The Law Office of Fred Lichtmacher PC
159 West 25th Street Room 510
New York New York 10001
(212) 922-9066
empirestatt@aol.com

April 16, 2026

Honorable Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: Shawn Pelley v. City of New York, et al., 24-cv-6708 (PKC)(VMS)

Your Honor:

      I represent the plaintiff in the above entitled civil rights action. I write in response to the defendants' third request for a pre-motion conference regarding their proposed FRCP12(c) motion.

      As an initial matter, the case the defendants chose to rely upon, Darnell v Pineiro, actually bodes in favor of their proposed motion being denied:

> A pretrial detainee may establish a § 1983 claim for allegedly unconstitutional conditions of confinement by showing that the officers acted with deliberate indifference to the challenged conditions. See Benjamin, 343 F.3d at 50. This means that a pretrial detainee must satisfy two prongs to prove a claim, an "objective prong" showing that the challenged conditions were sufficiently serious to constitute objective deprivations of the right to due process, and a "subjective prong"—perhaps better classified as a "mens rea prong" or "mental element prong"—showing that the officer acted with at least deliberate indifference to the challenged conditions. The reason that the term "subjective prong" might be a misleading description is that, as discussed below, the Supreme Court has instructed that "deliberate indifference" roughly means "recklessness," but "recklessness" can be defined subjectively (what a person actually knew, and disregarded), or objectively (what a reasonable person knew, or should have known). See Farmer v. Brennan, 511 U.S. 825, 836-37, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994).

(Darnell v Pineiro, 849 F3d 17, 29 [2d Cir 2017])

      Defendants write that the plaintiff must satisfy both an objective prong and a mental element prong; plaintiff agrees. The objective prong that the challenged conditions were sufficiently serious to constitute objective deprivations of the right to due process, is clear and is not challenged here by the defendants. But where the defendants err is in failing to correctly interpret the subjective or mens

rea prong of the violation.

> An official "cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. The Supreme Court based its holding on a close reading of the text of the Cruel and Unusual Punishments Clause, which "outlaws cruel and unusual 'punishments,'" not "cruel and unusual 'conditions.'" Id. According to the Supreme Court, "punishment" connotes a subjective intent on the part of the official, which also requires awareness of the punishing act or omission.

(Darnell v Pineiro, 849 F3d 17, 32-33 [2d Cir 2017])

Being informed that a prisoner has been beaten and raped and leaving him in the same area with his assaulter squarely into the Supreme Court's definition of a punishing omission.

In paragraph 16 plaintiff informs the defendants (plural) what happened to him on July 4, 2023:

> Upon exiting the bathroom Mr. Pelley reported to several DOC Captains what had happened including to the Defendants herein, but the Plaintiff was not moved to a safer area and no action was taken to protect the Plaintiff from further abuse.

And in paragraph 18 plaintiff informed the defendants (plural) what had occurred for a second time on July 7, 2023 which still did not at that time result in his being moved away from EMTC.

> Paragraph 18 of the Complain states the following:
> Mr. Pelley continued to report to the Defendants what had happened and what was continuing to happen to him, but he was still not moved out of EMTC and no action was taken to protect the Plaintiff from further abuse.

The defendants letter alleges the following

> Here, the Complaint's factual allegations directed at the individual defendants consist entirely of undifferentiated, collective references. The Complaint does not identify which defendant received which report of assault, what plaintiff communicated to any individual defendant, how any defendant responded, where or when any such conversation took place, or any facts distinguishing one defendant's alleged role from another. The Complaint treats Captains Weitzel, Singh, and Conyers as interchangeable parties against whom identical, undifferentiated allegations are made. *See Johnson v. City of New York*, No. 15 Civ. 8195, 2017 U.S. Dist. LEXIS 81359, at *25–32 (S.D.N.Y. May 26, 2017) (dismissing claims where complaint failed to differentiate defendants' involvement).

This is partially true. However, plaintiff's efforts to find out which defendants were stationed near him at the relevant times were all rebuffed by the defendants now for an entire

year.

**Defendants Refusal to Disclose the Names of the Captains Has Interfered with this Case Progressing**

The merry-go-round of attorneys who have represented the defendants has greatly interfered with plaintiff being able to address issues essential to this serious matter. I sympathize with the dilemma created by the massive turnover at Corporation Counsel and I have tried to work with the various attorneys who seem to be overwhelmed with assignments including taking over cases in progress. However, defendants have to date, despite repeated requests, failed to produce the names of the captains on duty when plaintiff was attacked. I am now being told that within thirty days from March 27 defendants will be responding to plaintiff's requests for the names of the captains. I discussed with prior counsel producing an array of captains on duty on the dates of the rapes, but that never came to pass. These requests were made by me a year ago and apparently they will finally be addressed. It should be easy to be more specific about which captains were on duty at which times plaintiff reported the rapes if this information, which should have been produced with initial disclosures is finally disclosed. Plaintiff never received initial disclosures only some documents which should have come with or been referenced in the disclosures. Had the defendants abided by the requirements of Rule 26 this issue would not exist.

As for the issue of respondeat superior that is a straw man and is simply not being invoked by the plaintiff.

Plaintiff requests the Court Order the names of the captains be produced with the posts near plaintiff's dormitory at each time alleged in the complaint, to be certain he has named the correct people for each incident. Additionally, plaintiff requests photo arrays be provided so the plaintiff can connect the names with the faces. Additionally plaintiff still has not received two of the correct videos from EMTC. These issues only exists because of prior counsel's failure to fulfil their obligations under the federal rules. Allow me to emphasize I do not blame current counsel for this situation.

Plaintiff requests that defendants not be given the opportunity to move pursuant to FRCP 12(c) at this time. But if after they finally disclose what should have been disclosed earlier, and if plaintiff is then given the opportunity to amend the complaint, after that if defendants are still not satisfied with the sufficiency of the complaint, they could be permitted to move at that time. I wish to point out to the Court that someone who has been subjected to what Mr. Pelley had happen to him, may not be as concerned with taking note of every detail over and above the fact that he was raped and beaten, which he did report to the named defendants. Under these circumstances, reporting the rapes and beatings and providing names should be enough.

**Plaintiff has stated a Monell Claim**
As to plaintiff's Monell claim, it is clear that the City of New York was on notice of the recurring problems at Rikers, directly on point with what happened to Mr. Pelley, which the City failed to address. In paragraphs 39-43 plaintiff informs that the City knew of the problem, the Bronx DA reported on the problem and the Bronx DA had warned that prosecution alone could

not stop the crisis and that increasing staffing levels was "crucial to stabilizing Rikers" and she has urged the Correction Department to act swiftly to restore order to no avail. Plaintiff should be allowed to do Monell discovery and develop this part of his claim.

Respectfully submitted

/s/

Fred Lichtmacher

cc:    Gene Dirks
       via ECF