Fred Lichtmacher
The Law Office of Fred Lichtmacher PC
159 West 25th Street Room 510
New York New York 10001
(212) 922-9066
empirestatt@aol.com

May 27, 2026

Honorable Judge Vera M. Scanlon
Eastern District of New York
**Via ECF**

**Pelley v NYC et al 24-cv-06708-VMS PKC**

Honorable Judge Scanlon:

I represent the plaintiff in the above entitled civil rights action. There have been four attorneys representing the defendants to date. Not until the most recent attorney appeared did plaintiff actually begin to receive some limited information which should have been produced over a year ago. I served discovery demands in May of 2025, and I am finally receiving responses, which I began reviewing but there are glaring deficiencies in their responses.

Current counsel Mr. Dirks and prior counsel has failed to provide the following items.

I never received the initial disclosures from predecessor counsel or from current counsel. I did receive some documents which I assume were supposed to be part of the disclosures, but no document marked initial disclosures with the required information was provided. On April 9, 2026 Mr. Dirks and I had a phone conversation during which he promised to deliver the disclosures to me after that weekend, but he has yet to do so.

During that same April 9, 2026 conversation I informed Mr. Dirks that I need the names of the Captains on duty where Plaintiff was on the relevant dates. This, too, I never received.

The videos I received from predecessor counsel are in two instances the wrong videos. July 7 contains the correct video, but the other two are not the correct videos

The phone logs I received are not inclusive of the emergency calls plaintiff made on July 4, 7 & 9. On the side of the phone in the building in which plaintiff was located are codes for emergency calls. The call logs, including these coded calls, were not disclosed, and therefore, the logs do not contain the information plaintiff requested.

Without going through all the defendants' deficient responses, their response to interrogatory 1 is informative.

**INTERROGATORY        1**

Produce the names of all witnesses with information relevant to the subject matter of this action, including but not limited to the following:

all members of the Department of Corrections, both civilian and law enforcement, who were present for witnessed and/or investigated any part of the incidents involving the plaintiff;

all members of law enforcement from all agencies, who took statements, investigated, or were present for the procuring of statements, about the incidents giving rise to the instant litigation;

all incarcerated and previously incarcerated witnesses to the incident giving rise to the instant litigation;

the names of all people who provided healthcare and/or testing for the plaintiff related to injuries plaintiff incurred as a result of the incidents giving rise to the instant litigation, regardless of how long after the incident said healthcare providers saw the plaintiff.

Defendants responded as follows.

Defendants object to Interrogatory No. 1 on the grounds that it is vague, ambiguous, overbroad, and not proportional to the needs of the case, to the extent it seeks any witness with information of the incident without limitation. Defendants further object to the extent this request seeks documents that are not in the possession, custody, or control of defendants. Defendants further object to Interrogatory No. 1 to the extent that there is a more practical method of obtaining the information sought, such as depositions.
Subject to, and without waiving or in any way limiting these Objections, defendants respectfully refer plaintiff to the individuals identified in defendants' Initial Disclosures, section i, dated April 11, 2025, and the documents previously produced bearing Bates Nos. DEF 1-DEF 571, and the documents produced herein as DEF 572-DEF 847.

First of all, I have yet to receive documents DEF 1- DEF 571 which I can only presume were to be part of the not yet disclosed defendants' initial disclosures.

Almost the exact same language is employed in objecting to other Interrogatories.

Additionally, informing that the responses plaintiff seeks are within 847 documents, 571 of which I have not received, without specifically identifying on which documents the response appears is inappropriate.

Additionally defendants state more than 20 different places that plaintiff's requests are overbroad. Judge Peck found in Fischer v Forrest that "An objection may state that a request is overboard, but if the objection recognizes that some part of the request is appropriate the objection should state the scope that is not overbroad." 2017 WL 773694.  Additionally Rule F.R.C.P. R.33(b)(4) states "(4) Objections. The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."

This response does not answer the questions posed by the interrogatory, which is the

case in virtually all of their responses. Additionally, defendants must state what, if any, materials are being withheld on the basis of this objection, which they have not done. 2017 WL 773694 p1.

Judge Peck stated as follows, "Rule 34(b)(2)(B) is amended to require that objections to Rule 34 requests be stated with specificity. This provision adopts the language of Rule 33(b)(4), eliminating any doubt that less specific objections might be suitable under Rule 34." Id. There are essentially three rule changes to the Federal Rules of Civil Procedure invoked in 2015.

• State grounds for objections with specificity;
• An objection must state whether any responsive materials
are being withheld on the basis of that objection; and
• Specify the time for production and, if a rolling production,
when production will begin and when it will be concluded.

I have not received the withheld documents, or a list of withheld documents or information nor a time by which this information will be produced. Also the grounds for defendants' objections are not stated with any specificity.

Plaintiff therefore respectfully requests a conference with the Court.

Respectfully submitted

/s/

Fred Lichtmacher

John McLaughlin
New York City Law Department
Special Federal Litigation
100 Church St Ste 3-183
New York, NY 10007
212-356-2670
Email: jmclaugh@law.nyc.gov

Gene Dirks, Esq.
Senior Counsel
Special Federal Litigation Division
100 Church Street
New York, NY 10007
(212) 356-1981
edirks@law.nyc.gov