**STEVEN BANKS**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**GENE DIRKS**
*Senior Counsel*
Phone: (212) 356-1981
Fax: (212) 356-3509
edirks@law.nyc.gov

**By ECF**

September 14, 2026

Honorable Vera M. Scanlon
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Shawn Pelley v. City of New York, et al.,
24-cv-6708 (PKC)(VMS)

Your Honor:

I am a Senior Counsel in the New York City Law Department, and the attorney assigned to the defense of this matter on behalf of Defendants City of New York, Commissioner Louis A. Molina, Captain Weitzel, Captain Singh, and Captain Conyers. Pursuant to Your Honor's July 29, 2026 Order, Defendants write to respectfully inform the Court of the status of the five discovery points, cited in Your Honor's Order of July 29, 2026 (*see* ECF Docket of 7/29/2026):

1. The name(s) of the medical professional who administered the rape kit:

Defendants have not yet identified this person, but are continuing to search for verification of their identity. Defendants contacted an attorney with New York City Health and Hospitals Corporation (HHC), on September 11, 2026, and have provided the signature block to them, and this attorney is working to determine who examined Plaintiff on July 10, 2023.

Moreover, Defendants identified some additional names of medical providers, in the disclosures already transmitted to Plaintiff; specifically, D00965-D00968. These names were emailed to Plaintiff on September 11, 2026.

Defendants are still working on identifying the medical providers who treated Plaintiff – but will provide these names as soon as they become known.

2. Any additional phone logs for calls made by Plaintiff, for the following numbers:

*LGBTQA+l0l0#*

*Sick call mental health 614#*

*Program Hotline 1011#*

*DOC Confidential Reporting 718 204 0378*

*DOC Investigations 212 2661900*

*Sexual Abuse Advocate 347 774 7037*

In response to our queries, the DOC sent the following reply, which was sent to Plaintiff's counsel on August 21, 2026:

> The subpoena unit was able the verify the following:
>
> Plaintiff Pelley called 347-774-7037. Search 718-204-0738/212-266-1900 yielded **NO RESULTS.**
>
> The hotline numbers below, the PIC dial the numbers, and do not have to enter a B&C or NYSID .
>
> - *LGBTQA+l0l0#*
> - *Sick call mental health 614#*
> - *Program Hotline 1011#*

The call logs Defendant has for 347-774-7037 were also transmitted to Plaintiff's counsel on August 21, 2026.

As to 718-204-0738 and 212-266-1900, there were negative results. As for the other three hotlines, there are no identifying numbers, so this may be impossible to trace to Plaintiff.

3. Any general documents or information provided to Persons-in-Custody, instructing them how to make complaints for sexual abuse, from circa July 2023:

> Defendants sent Plaintiff's counsel sixteen (16) DOC general policies and orders, including instructions on how to make complaint for sexual abuse, on or about August 26, 2026; D01039-D01231.

4. Any documents generated by the Department of Correction, regarding Plaintiff, from the dates of July 4, 2023 to July 9, 2023. Defendants will provide any responsive documents they obtain, which have not already been provided

> Defendants have, to this point, sent Plaintiff approximately 1500 pages of documents, D00001-D01481, as a response to numerous queries. This includes over 500 pages of medical records, over 250 pages of phone logs various handwritten notes and reports, Legal Schedules, Lgbooks, and the DOC Investigative File. Should more documents become known, they will also be sent to Plaintiff.

5. All complaints, brought to any City agency regarding allegations of a failure to prevent sexual abuse on Rikers Island, from January 1, 2023 to July 9, 2023. There is an ongoing dispute regarding the scope of this request, and what should be provided. The parties continue to communicate and discuss that scope.

Defendant's position: On July 24, 2026, Defendants provided Plaintiff with the online website addresses for the New York City Department of Correction, Semi-Annual Sexual Abuse and Harassment Report, Bi-Annual Comparison Reports, between January 1, 2023 – June 30, 2023:

https://www.nyc.gov/assets/doc/downloads/pdf/LL21_2023.pdf

July 1, 2023 – December 31, 2023:

https://a860-gpp.nyc.gov/concern/parent/ng451n480/file_sets/cr56n534c

Annual Totals for 2023:

https://www.nyc.gov/assets/doc/downloads/pdf/Sexual_Abuse_Incidents_CY2023.pdf

These reports should encapsulate all reported incidents of sexual abuse on Rikers Island in 2023.

Plaintiff's Position:

The most astounding failure of discovery in this matter is regarding the failure to provide the name of the healthcare provider who did tell Plaintiff there was evidence he was raped, although that is not a verbatim quote. It is impossible to believe that this person cannot immediately have been identified by the Defendants with her signature having been provided. this is now over three years and they cannot determine who this person is? This defies credibility and Defendants should be ordered to identify this person immediately

So too Plaintiff does not believe the Defendants have exhausted all avenues to determine when Plaintiff contacted the "hotline" numbers in spite of his not having to provide his ID in doing so. It is hard to believe no records are maintained relating to calls to these hotlines.

Additionally, providing thousands of documents, most of which were entirely irrelevant, does not constitute a valid good faith response to discovery requests.

In terms of "All complaints, brought to any City agency regarding allegations of a failure to prevent sexual abuse on Rikers Island, from January 1, 2023 to July 9, 2023. Defense counsel alleges "There is an ongoing dispute regarding the scope of this request, and what should be provided. The parties continue to communicate and discuss that scope." I am not really aware of any continuing communications on this subject-I just want these materials provided.

This entire litigation has been absurdly stalled by Defendants' deficiency and lateness in providing information.

While the current counsel has done more than predecessor counsel, he still has not done enough.

Plaintiff requests a 3 month extension to the discovery deadlines, and even longer, if the Defendants do not provide adequate responses to what are currently extremely deficient responses.

The parties thank the Court for its time and consideration herein.

Respectfully submitted,

Gene Dirks /s/

Gene Dirks
*Senior Counsel*
Special Federal Litigation

Cc: **VIA ECF**
*All counsel of record.*